IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:24-CV-501-FL

| | | |
|---|---|---|
| LEILEI ZHANG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TASHA S. O'NEAL, Assistant Clerk, Wake County Superior Court Clerk's Office of North Carolina; KELLIE Z. MYERS, Wake County Trial Court Administrator of North Carolina; and BLAIR WILLIAMS, Clerk, Wake County Superior Court Clerk's Office of North Carolina, | ) ) ) ) ) ) ) ) | ORDER |
| | ) | |
| Defendants. | ) | |

This matter is before the court upon defendants' motion to dismiss under Federal Rules of Civil Procedure 12(b)(1), (2), (5), and (6) (DE 15), and defendants' motion to deem motion to dismiss timely filed (DE 16). The issues raised are ripe for ruling. For the following reasons, the motions are granted.

## STATEMENT OF THE CASE

Plaintiff commenced this action August 16, 2024, by filing complaint in the United States District Court for the Southern District of California. (Compl. (DE 1) at 1).[1] On August 29, 2024, United States Judge Todd W. Robinson on his own initiative ordered the case transferred to this district, pursuant to 28 U.S.C. §§ 113(a), 1391(b), and 1406(a). (DE 5-1). Plaintiff, proceeding

---

[1] Unless otherwise specified, page numbers specified in citations to the record in this order refer to the page number of the document designated in the court's case management / electronic case filing (CM/ECF) system, and not to page numbering, if any, specified on the face of the underlying document.

pro se, asserts claims under 42 U.S.C. § 1983 for deprivation of her "right to appeal" and "right to access open court pursuant to NC Constitution Article I section 18." (Compl. 6). She seeks damages and costs from defendants in their official capacities. (Id. at 3, 7).

Plaintiff filed proof of service with this court September 25, 2024, asserting she served each defendant via U.S. Mail. (DE 11 at 1). Certified mail receipts addressed to each defendant at "Wake County Courthouse, Clerk's Office, P.O. Box 351, Raleigh, NC. 27602" were signed for by Jordan Scott August 20, 2024. (Id. at 2). Plaintiff also filed "Exhibits in Support of Complaint," consisting of emails sent by plaintiff to defendants and other individuals, September 25, 2024. (DE 12-1, 12-2).

Defendants filed the instant motions October 28, 2024, the first seeking dismissal for improper service, lack of personal jurisdiction, lack of subject matter jurisdiction, and for failure to state a claim, and the second requesting that the motion to dismiss be deemed timely filed due to defective service. The court issued notice to plaintiff October 28, 2024, informing her that a motion to dismiss had been filed and that her failure to respond may result in dismissal. (DE 17). Upon notice by the clerk that pro se plaintiff did not receive electronic notification of filings in this matter, defendants filed corrected certificate of service the same date, indicating plaintiff was served with the instant motions by U.S. Mail. (DE 19).[2] Plaintiff responded in opposition to the motion to dismiss November 7, 2024. (DE 20). Plaintiff did not respond to the motion to deem motion to dismiss timely filed, but her objection thereto is noted in defendant's motion, (DE 16 ¶ 8), and the time to respond has expired.

---

[2] Plaintiff has since consented to receiving electronic service pursuant to Local Civil Rule 5.1(b)(2).

**STATEMENT OF FACTS**

The facts alleged in the complaint may be summarized as follows. Plaintiff and her ex-husband, Wen Zhang, are parties in an underlying state court lawsuit in the Wake County Superior Court involving alleged breach of a separation agreement (the "underlying action"). (Compl. 3); see Zhang v Zhang, Wake County File No. 22 CVS 0006041-910. North Carolina Superior Court Judge G. Bryan Collins issued order July 9, 2024, (the "gatekeeper order") as part of a final order in the underlying action. (Id. at 4). The gatekeeper order prohibits plaintiff from filing "any more lawsuits or pleadings against Wen Zhang, his attorney Judy Y. Tsen, or any other parties with [the state court], without a sworn Rule 11 certification by a licensed North Carolina lawyer averring that such pleading(s) are grounded in law." (DE 1-3 at 11). Plaintiff appealed the entire July 9, 2024, order, including its component gatekeeper order. (Id. at 4-5).

Plaintiff contends she is prevented from continuing the appeal process initiated on July 9, 2024, because the Wake County Superior Court Clerk's Office, (the "clerk's office"), rejected her filings pursuant to the gatekeeper order, which plaintiff asserts is unenforceable. (Id. at 5). Plaintiff states defendant Blair Williams ("Williams") is the "Clerk of the North Carolina (NC) Wake County Superior Court Clerk's Office", defendant Tasha S. O'Neal ("O'Neal") is the "Assistant Clerk of the NC Wake County Superior Court Clerk's Office", and defendant Kellie Z. Myers ("Myers") is the "North Carolina Wake County Trial Court Administrator." (Id. at 2).

On July 11, 2024, plaintiff attempted to file a "Motion to Strike" certain of Wen Zhang's filings in the underlying action, but that filing was rejected by the clerk's office pursuant to the gatekeeper order. (Id. at 5; DE 1-5 at 10). Plaintiff submitted a revised "Motion to Strike" July 25, 2024, which she asserts the clerk's office ignored and rejected. (Compl. 5). Plaintiff also sought to file a brief (DE 1-3) prior to an August 21, 2024, court date, but that filing likewise was

3

rejected. (Compl. 6). Plaintiff alleges the clerk's office "intentionally and wrongfully" recorded a document regarding the results of her appeal as being filed by plaintiff. (Id. at 5). Plaintiff also alleges defendants Williams and Myers "threatened plaintiff of any further communication with the Clerk's Office and [the trial court administrator] and any future legal action by plaintiff against the Clerk's Office." (Id.).

Plaintiff did not appear at a hearing in the underlying action conducted by North Carolina Superior Court Judge Keith O. Gregory August 21, 2024. (DE 12-1 at 2).

## COURT'S DISCUSSION

The court addresses defendants' motion to deem motion to dismiss timely filed before turning to the motion to dismiss.

A.    Motion to Deem Motion to Dismiss Timely Filed (DE 16)

Federal Rule of Civil Procedure 6(b) provides that "[w]hen an act ... must be done within a specified time, the court may, for good cause, extend the time." However, if the request for an extension of time is made after the time to file has lapsed, a court may grant an extension only "if the party failed to act because of excusable neglect." Fed.R.Civ.P. 6(b)(1)(B). In determining whether neglect is excusable, the court must consider "the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993).

Here, if defendants were properly served August 20, 2024, response was due September 10, 2024. See Fed. R. Civ. P. 12(a)(1)(A)(i). However, defendants assert that service was insufficient because the summonses did not include the information required by Fed. R. Civ. P.

4

4(a)(1), plaintiff improperly mailed the summonses and complaints herself, and neither the state's chief executive nor the attorney general were served as required by Rule 4(j)(2) and N.C. Gen. Stat. § 1A-4, Rule 4(j)(4). Additionally, because plaintiff commenced this matter in California, defendants initially "did not respond based on the inability of the California court to exercise personal jurisdiction" over them. (Defs' Mot. Deem Timely (DE 10) ¶ 4).

Although it is not apparent to the court why there was a nearly one-month delay between the appearance of counsel for defendants on September 30, 2024, and the filing of the instant motions October 28, 2024, plaintiff suffers no prejudice from this delay because, as discussed below, this court lacks jurisdiction over her complaint. Additionally, where it appears defendants acted in the good faith belief that plaintiff failed to invoke this court's personal jurisdiction over them, the court determines any neglect in defendants' delayed response is excusable. Accordingly, this motion is granted, and defendants' motion to dismiss is deemed timely pursuant to Rule 6(b)(1)(B).

B.      Motion to Dismiss (DE 14)

   1.      Standard of Review

A Rule 12(b)(1) motion challenges the court's subject matter jurisdiction, and the plaintiff bears the burden of showing that federal jurisdiction is appropriate when challenged by the defendant. See McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).[3] Such a motion may either 1) assert the complaint fails to state facts upon which subject matter jurisdiction may be based, or 2) attack the existence of subject matter jurisdiction in fact, apart from the complaint. Bain, 697 F.2d at 1219. Where a

---

[3] Internal citations and quotation marks are omitted from all citations unless otherwise specified.

defendant raises a "facial challenge[ ] to standing that do[es] not dispute the jurisdictional facts alleged in the complaint," the court accepts " the facts of the complaint as true as [the court] would in context of a Rule 12(b)(6) challenge." Kenny v. Wilson, 885 F.3d 280, 287 (4th Cir. 2018). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); see Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006); United States ex rel. Carson v. Manor Care, Inc., 851 F.3d 293, 303 (4th Cir. 2017).

2. Analysis

Defendants assert this court lacks subject matter jurisdiction over plaintiff's complaint due to defendants' sovereign immunity.[4] The court agrees.

This court's jurisdiction under Article III is limited by the Eleventh Amendment, which provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI; see Seminole Tribe of Fla. v. Fla., 517 U.S. 44, 54 (1996). Under the Eleventh Amendment "an unconsenting [s]tate is immune from suits brought in federal courts by her own citizens as well as by citizens of another [s]tate." Edelman v. Jordan, 415 U.S. 651, 662–63 (1974). Absent waiver of immunity by the state or Congressional abrogation of immunity, "federal courts may not entertain a private person's suit against a [s]tate." Va. Office for Prot. & Advoc. v. Stewart, 563 U.S. 247, 254 (2011).

Sovereign immunity under the Eleventh Amendment attaches to states and to state officials sued in their official capacity. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but

---

[4] Defendants also argue this court lacks personal jurisdiction due to defective service of process, plaintiff fails to present a federal question, plaintiff's challenge of a state court order is barred by the Rooker-Feldman doctrine, and defendants are entitled to quasi-judicial immunity. Because the court determines it does not have subject matter jurisdiction over plaintiff's claims, it does not address defendants' other arguments.

6

rather is a suit against the official's office. As such it is no different from a suit against the [s]tate itself."). "Sovereign immunity is jurisdictional in nature and the terms of a sovereign's consent to be sued in any court define that court's jurisdiction to entertain the suit." Bullock v. Napolitano, 666 F.3d 281, 284 (4th Cir. 2012).

Here, because defendants are state officials, and plaintiff has sued them in their official capacities for money damages, this is effectively a suit against North Carolina. See Bright v. McClure, 865 F.2d 623, 626 (4th Cir. 1989) ("action against [a Clerk of Superior Court] in his official capacity is clearly one against the state of North Carolina"); see also N.C. Gen. Stat. §§ 7A-102, 7A-355 (establishing assistant clerk and trial court administrator as officials of North Carolina's General Court of Justice). Therefore, defendants are immune under the Eleventh Amendment, and this court is without jurisdiction to hear plaintiff's claims against them. See Bullock, 666 F.3d at 284. Accordingly, plaintiff's complaint is dismissed without prejudice for lack of subject matter jurisdiction due to Eleventh Amendment immunity. See S. Walk at Broadlands Homeowner's Ass'n v. OpenBand at Broadlands, 713 F.3d 175, 185 (4th Cir. 2013) ("A dismissal for lack of ... subject matter jurisdiction ... must be one without prejudice.").

## CONCLUSION

Based on the foregoing, defendants' motions (DE 14, 16) are GRANTED. The complaint is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). The clerk is DIRECTED to close this case.

SO ORDERED, this the 25th day of February, 2025.

_____
LOUISE W. FLANAGAN
United States District Judge