IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:24-CV-501-FL

| | |
|---|---|
| LEILEI ZHANG, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TASHA S. O'NEAL, Assistant Clerk, Wake )<br>County Superior Court Clerk's Office of )<br>North Carolina; KELLIE Z. MYERS, Wake )<br>County Trial Court Administrator of North )<br>Carolina; and BLAIR WILLIAMS, Clerk, )<br>Wake County Superior Court Clerk's Office )<br>of North Carolina, )<br>)<br>Defendants. ) | ORDER |

This matter is before the court upon plaintiff's filing captioned "motion to reconsider and jury demand." (DE 34). The issues raised are ripe for ruling. For the following reasons, the motion is denied.

### BACKGROUND

Plaintiff, proceeding pro se, initiated this action under 42 U.S.C. § 1983 against the "Clerk of the North Carolina (NC) Wake County Superior Court Clerk's Office," the "Assistant Clerk of the NC Wake County Superior Court Clerk's Office," and the "North Carolina Wake County Trial Court Administrator." (Compl. at 2). She brought a single claim against defendants "in their official capactiy," and sought damages, interest, and costs. (Id. at 3, 7). In order and judgment entered February 25, 2025, the court dismissed plaintiff's complaint without prejudice for lack of subject matter jurisdiction due to defendants' sovereign immunity. (See DE 22 at 7).

Following dismissal, on March 10, 2025, the clerk received from plaintiff a single envelope containing notice of appeal and "motion for new trial and jury demand," which were initially filed on the docket as separate documents. (See DE 25, 24). Upon remark by the clerk of the United States Court of Appeals for the Fourth Circuit regarding the pending "motion," the clerk of this court re-filed the document titled "motion for new trial and jury demand" as an attachment to the notice of appeal March 11, 2025. (See DE 25-4). Plaintiff filed April 7, 2025, motion for voluntarily dismissal of her appeal, which motion was allowed by the Fourth Circuit, and mandate issued the same day.

Plaintiff filed the instant motion April 10, 2025, accompanied by cover letter, copy of the court's February 25, 2025, order, and copy of earlier filed "motion for new trial and jury demand." Defendants did not respond.

**COURT'S DISCUSSION**

Although the instant motion is premised on Federal Rule of Civil Procedure 38, the court construes it as a motion under Rule 59(e), which allows "[a] motion to alter or amend a judgment . . . filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e); see Katyle v. Penn Nat. Gaming, Inc., 637 F.3d 462, 470 n.4 (4th Cir. 2011). Because plaintiff's "motion for new trial and jury demand," of which the instant motion is largely repetitive, was filed within 28 days of the court's February 25, 2025, judgment, the court deems the instant motion timely and turns to the merits.

The decision whether to alter or amend a judgment under Rule 59(e) is within the sound discretion of the district court. See Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005). The Fourth Circuit has recognized three reasons for granting a motion to alter or amend a judgment under Rule 59(e): 1) to accommodate an intervening change in controlling law; 2) to account for

2

the availability of new evidence; or 3) to correct a clear error of law or prevent manifest injustice. See, e.g., Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007); Bogart, 396 F.3d at 555. "Thus, Rule 59(e), in essence, gives the district court a chance to correct its own mistake if it believes one has been made." Zinkand, 478 F.3d at 637.

Plaintiff does not direct the court to a change in controlling law or to new evidence. Therefore, amendment to that judgment is permissible only "to correct a clear error of law or prevent manifest injustice." Pac. Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). Plaintiff urges error in the court's conclusion that defendants are immune from suit under the Eleventh Amendment. The court finds no error.

Sovereign immunity under the Eleventh Amendment protects the states, their agencies, and state officials acting in their official capacities from suits for damages in federal court. Allen v. Cooper, 895 F.3d 337, 347 (4th Cir. 2018). Thus, absent waiver of immunity by the state or Congressional abrogation of immunity, "federal courts may not entertain a private person's suit against a [s]tate" or its officials in their official capacities. Va. Office for Prot. & Advoc. v. Stewart, 563 U.S. 247, 254 (2011). Accordingly, defendants are immune from plaintiff's official capacity suit for damages. "[S]overeign immunity deprives federal courts of jurisdiction to hear claims, and a court finding that a party is entitled to sovereign immunity must dismiss the action for lack of subject-matter jurisdiction." Cunningham v. General Dynamics Info. Tech., Inc., 888 F.3d 640, 649 (4th Cir. 2018) (quotation omitted). Thus, dismissal of this matter was appropriate.

Plaintiff's reliance on 42 U.S.C. § 1983 is unavailing. Because "neither a [s]tate nor its officials acting in their official capacities are 'persons' under § 1983," that provision does not authorize suits for damages against state officials in their official capacities. Will v. Mich. Dep't

3

of State Police, 491 U.S. 58, 71 (1989). Accordingly, the court did not err in concluding that defendants are immune.

Plaintiff's appeal to the "right of trial by jury" in the Seventh Amendment and Federal Rule of Civil Procedure 38 fares no better. Without subject matter jurisdiction, "a court can only decide that it does not have jurisdiction." Burrell v. Bayer Corp., 918 F.3d 372, 379 (4th Cir. 2019). Therefore, because this court lacks jurisdiction to hear plaintiff's claims, it cannot rule on her demand for a jury trial.

## CONCLUSION

Based on the foregoing, plaintiff's motion for reconsideration (DE 34) is DENIED.

SO ORDERED, this the 7th day of August, 2025.

_____
LOUISE W. FLANAGAN
United States District Judge